```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
TRUSTEES OF THE NEW YORK CITY                                 :
DISTRICT COUNCIL OF CARPENTERS                                :
PENSION FUND, WELFARE FUND,                                   :       21 Civ. 3539 (LGS)
ANNUITIY FUND, AND APPRENTICESHIP,                            :
JOURNEYMAN RETRAINING,                                        :       ORDER
EDUCATIONAL AN DINDUSTRY FUND et al.,                         :
                                 Plaintiffs                   :
                                                              :
              -against-                                       :
                                                              :
PF COMMERCIAL FLOORING, LTD. et al.,                          :
                                 Defendant.                   :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs filed default judgment papers on July 16, 2021 (Dkt. Nos. 20-22), following service on Defendants via the New York Secretary of State (Dkt. Nos. 6, 7) and issuance of Clerk's Certificates of Default (Dkt. Nos. 13, 14). An Order to Show Cause issued (Dkt. No. 23), which scheduled a default judgment hearing for August 12, 2021, at 11:00 a.m. Defendants have moved to set aside the default (Dkt. No. 29).

WHEREAS, after a default is entered pursuant to Federal Rule of Civil Procedure 55(a), the court may set aside entry of default for "good cause" pursuant to Rule 55(c). The Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks omitted); *accord Clark v. New York City Hous. Auth.*, No. 20 Civ. 251, 2021 WL 2368132, at *2 (S.D.N.Y. June 10, 2021). "The determination of whether to set aside a default is left to the sound discretion of the judge, the person most

familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties." *Clark*, 2021 WL 2368132, at *2 (internal quotation marks omitted).

In light of the Second Circuit's "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), good cause under Rule 55(c) is a "lenient" standard, *Packard v. City of New York*, No. 115 Civ. 7130, 2018 WL 2229123, at *1 (S.D.N.Y. Apr. 30, 2018), and any doubt as to whether a default should be vacated "should be resolved in favor of the defaulting party," *Clark*, 2021 WL 2368132 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

WHEREAS, Defendants have submitted sworn affidavits from their principals stating that their default was not willful.  Defendant P.F. Commercial Flooring Ltd. asserts that it received the summons and Complaint from the New York Secretary of State after the deadline to answer and Defendant Absolute Flooring, Inc. states that its address with the New York Secretary of State was incorrect due to a clerical error or mistake.

WHEREAS, Defendants have potentially meritorious defenses to Plaintiffs' claim that they are jointly and severally liable for unpaid union fund contributions.  They have provided sworn affidavits stating that they are not alter egos of each other and are distinct in all respects, with no overlap in management, ownership or employees.  These allegations suffice to raise a defense for purposes of Rule 55(c).  *See Clark*, 2021 WL 2368132 ("the test of [a defense] is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense").

WHEREAS, Plaintiffs would not be prejudiced if the default is set aside.  This case is in its early stages, discovery has not commenced and no dispositive motions are pending.  It is

hereby

**ORDERED** that for good cause shown, the May 24, 2021, Certificates of Default (Dkt. Nos. 13, 14) are set aside.  It is further

**ORDERED** that the default judgment hearing scheduled for August 12, 2021, at 11:00 a.m. is **cancelled**.  It is further

**ORDERED** that the parties shall appear for an initial pre-trial conference on **August 26, 2021**, **at 11:00 a.m.**, on the following conference call line:  888-363-4749, access code 558-3333.  The parties are reminded that their joint letter and proposed case management plan are due seven days prior, or by **August 19, 2021**.

Dated:  August 9, 2021
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**