UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE NYC DIST. COUNCIL OF :
CARPENTERS PENSION FUND et al., :
                              Plaintiffs, :    21 Civ. 3539 (LGS)
                                       :
                 -against- :        ORDER
                                          :
PF COMMERCIAL FLOORING, LTD et al., :
                                 Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, a corporation, which is an artificial entity, may only appear in federal court through a licensed attorney. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011).

      WHEREAS, by Order dated December 27, 2021, Defendants' prior counsel's motion to withdraw was granted, and Defendants were advised that if they did not obtain representation by January 31, 2022, a default judgment would be entered against them.

      WHEREAS, on February 4, 2022, the Clerk of Court entered certificates of default against Defendants.

      WHEREAS, on February 9, 2022, Plaintiffs filed a motion for default judgment and supporting papers.

      WHEREAS, on February 10, 2022, the Court issued an order to show cause why default judgment should not be entered against Defendants on March 9, 2022.

      WHEREAS, principals for Defendants appeared at the hearing on March 9, 2022, and the show cause hearing was adjourned to April 6, 2022, to allow the parties to explore settlement.

      WHEREAS, on April 5, 2022, counsel entered an appearance on behalf of Defendants.

WHEREAS, the parties appeared for a show cause hearing on April 6, 2022.

WHEREAS, pursuant to Federal Rule of Civil Procedure 55(c) a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts consider the following factors in determining whether good cause exists: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord G&G Closed Circuit Events, LLC v. Shahzad*, No. 20 Civ. 7487, 2021 WL 1163824, at *1 (S.D.N.Y. Mar. 26, 2021). It is hereby

**ORDERED** that the Certificates of Default are **set aside and vacated**, based on the Court's finding that Defendants have shown good cause for doing so. This finding is based on the fact that Defendants' principals attempted to participate in this proceeding but struggled to obtain representation due to their financial position. At this stage of the proceedings, it does not appear that Plaintiffs would be prejudiced by setting aside the default. For these reasons, the Court finds good cause for setting aside and vacating the Certificate of Default. It is further

**ORDERED** that by **April 20, 2022**, the parties shall file a joint letter regarding the status of settlement negotiations, including the parties' plans for conducting an audit and the expected timing and duration of the audit.

Dated: April 7, 2022
   New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE