UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE NYC DIST. COUNCIL OF :
CARPENTERS PENSION FUND, et al.,      :
                                 Plaintiffs,   :   21 Civ. 3539 (LGS)
                                                :
            -against-       :   Order
                                                :
PF COMMERCIAL FLOORING, LTD., et al., :
                               Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Plaintiffs commenced this action on April 21, 2021;

    WHEREAS, Plaintiffs served Defendants with copies of the Summons and Complaint and filed proof of said service with the Court on April 23, 2021;

    WHEREAS, Defendants answered and filed counterclaims on September 10, 2021;

    WHEREAS, counsel for Defendants withdrew from this action on September 8, 2022;

    WHEREAS, Defendants did not secure subsequent counsel and defend the lawsuit despite the Court's warning that a default judgement would be entered against them;

    WHEREAS, the Clerk of the Court entered a Certificate of Default by Defendants on October 4, 2022;

    WHEREAS, a hearing was held November 2, 2022, for Defendants to show cause why a default judgment should not be entered against them. Defendants, having been provided notice of such hearing, failed to appear. It is hereby

    **ORDERED, ADJUDICATED AND DECREED** that Plaintiffs, pursuant to Rule 55 of the Federal Rules of Civil Procedure, have judgment, jointly and severally, against PF Commercial Flooring, Ltd. and Absolute Flooring, Inc., the Defendants, whose principal place of business is at 1735 Front Street, Yorktown Heights, New York 10598.

The Complaint alleges that Defendants violated the parties' collective bargaining agreement by failing to remit benefit contributions to Plaintiffs, asserting claims under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA").  The Court has federal subject matter jurisdiction over these claims based on the federal statutes that are the basis for the claims.  *See* 28 U.S.C. § 1331.  The Complaint sufficiently pleads these claims to establish liability as a matter of law.  *See City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.").  The Complaint adequately alleges that Defendants, at all relevant times, were party to or otherwise bound by the collective bargaining agreement and failed to remit contributions for all work they performed within the scope and jurisdiction of the agreement.  It is further

**ORDERED** that the Complaint adequately alleges that, at all relevant times, Defendant Absolute Flooring, Inc. was the alter ego of, and single employer with, Defendant PF Commercial Flooring, Ltd., rendering Defendants jointly and severally liable for each other's legal obligations to Plaintiffs.  It is further

**ORDERED** that Plaintiffs are awarded total damages of $1,620,060.51 pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, Section 301 of the LMRA, 29 U.S.C. § 185, and the agreements between the parties.  Total damages consist of

(1) delinquent contributions of $1,177,175.46 based on an audit report Plaintiffs filed of Absolute Flooring, Inc.'s books and records for the period April 21, 2015, to December 31, 2021.  *See Trustees of Drywall Tapers & Pointers Loc. Union No. 1974 Benefit Funds v. Plus K Constr. Inc.*, No. 20 Civ. 1643, 2021 WL 1199566, at *5 (S.D.N.Y. Mar. 30, 2021) ("When assessing evidence for ERISA default judgments,

2

'[c]ourts have determined that audit reports represent sufficient proof of the amount owed in unpaid fringe benefit contributions.'"). Defendants "concede[] that they have no documents to rebut the Absolute Flooring Audit." (Dkt. No. 74);

(2) interest thereon, calculated in accordance with the collective bargaining agreement and Plaintiffs' collection policy, of $206,244.96, *see Plus K Constr. Inc.*, 2021 WL 1199566, at *6 ("In the ERISA context, interest should be calculated from the date a missed payment first became due.");

(3) liquidated damages of $235,435.09, *see* 29 U.S.C. § 1132(g)(2)(C), and

(4) audit costs, which are routinely award in ERISA cases, of $1,205.00, s*ee Plus K Constr. Inc.*, 2021 WL 1199566, at *6 (collecting cases).

It is further

**ORDERED** that Plaintiffs are awarded attorneys' fees and costs of $28,510.98. Plaintiffs calculate attorneys' fees based on an hourly rate. Rates in this district have generally ranged from $350 to $425 per hour for partners. *See, e.g.*, *Mason Tenders Dist. Council Welfare Fund v. Shelbourne Constr. Corp.*, No. 19 Civ. 7562, 2020 WL 7028530, at *8 (S.D.N.Y. Nov. 30, 2020); *Broach v. Metro. Exposition Servs., Inc.*, No. 20 Civ. 165, 2020 WL 3892509, at *9 (S.D.N.Y. July 10, 2020); *Bldg. Serv. 32BJ Pension Fund v. 1180 AOA Member LLC*, No. 18 Civ. 12226, 2020 WL 70947, at *5 (S.D.N.Y. Jan. 3, 2020). Plaintiffs' partner rate of $350 per hour, associate rate of $275 per hour and paralegal rate of $120 per hour are reasonable. Based on Plaintiffs' detailed billing records, the number of hours billed are reasonable. The costs, which include standard fees such as the filing fee and other expenses, are also reasonable. It is further

**ORDERED** that the Court retains jurisdiction over this action to enforce this judgment. It is further

      **ORDERED** that Plaintiffs are awarded post-judgment interest at the statutory rate.  It is further

      **ORDERED** that, for the reasons above, Defendants' counterclaims are dismissed.  It is further

      **ORDERED** that Plaintiffs shall serve a copy of this Order on Defendants.

      The Clerk of Court is respectfully directed to enter judgment accordingly and to close the case.

Dated: January 5, 2023
       New York, New York

                                      **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**