**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
TRUSTEES OF THE NYC DIST. COUNCIL
OF CARPENTERS PENSION FUND, et al.,

                Plaintiffs,

-against-　　　　　　　　　　　　　　　　　　　　21 **CIVIL** 3539 (LGS)

**JUDGMENT**

PF COMMERCIAL FLOORING, LTD., et al.,

                Defendants.
------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated January 5, 2023, Plaintiffs, pursuant to Rule 55 of the Federal Rules of Civil Procedure, have judgment, jointly and severally, against PF Commercial Flooring, Ltd. and Absolute Flooring, Inc., the Defendants, whose principal place of business is at 1735 Front Street, Yorktown Heights, New York 10598. Plaintiffs are awarded total damages of $1,620,060.51 pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, Section 301 of the LMRA, 29 U.S.C. § 185, and the agreements between the parties. Total damages consist of (1) delinquent contributions of $1,177,175.46 based on an audit report Plaintiffs filed of Absolute Flooring, Inc.'s books and records for the period April 21, 2015, to December 31, 2021. See Trustees of Drywall Tapers & Pointers Loc. Union No. 1974 Benefit Funds v. Plus K Constr. Inc., No. 20 Civ. 1643, 2021 WL 1199566, at *5 (S.D.N.Y. Mar. 30, 2021) ("When assessing evidence for ERISA default judgments, '[c]ourts have determined that audit reports represent sufficient proof of the amount owed in unpaid fringe benefit contributions.'"). Defendants "concede[] that they have no documents to rebut the Absolute Flooring Audit." (Dkt. No. 74); (2) interest thereon, calculated in accordance with the collective bargaining agreement

and Plaintiffs' collection policy, of $206,244.96, see Plus K Constr. Inc., 2021 WL 1199566, at *6 ("In the ERISA context, interest should be calculated from the date a missed payment first became due."); (3) liquidated damages of $235,435.09, see 29 U.S.C. § 1132(g)(2)(C), and (4) audit costs, which are routinely award in ERISA cases, of $1,205.00, see Plus K Constr. Inc., 2021 WL 1199566, at *6 (collecting cases). Plaintiffs are awarded attorneys' fees and costs of $28,510.98. Plaintiffs calculate attorneys' fees based on an hourly rate. Rates in this district have generally ranged from $350 to $425 per hour for partners. See, e.g., Mason Tenders Dist. Council Welfare Fund v. Shelbourne Constr. Corp., No. 19 Civ. 7562, 2020 WL 7028530, at *8 (S.D.N.Y. Nov. 30, 2020); Broach v. Metro. Exposition Servs., Inc., No. 20 Civ. 165, 2020 WL 3892509, at *9 (S.D.N.Y. July 10, 2020); Bldg. Serv. 32BJ Pension Fund v. 1180 AOA Member LLC, No. 18 Civ. 12226, 2020 WL 70947, at *5 (S.D.N.Y. Jan. 3, 2020). Plaintiffs' partner rate of $350 per hour, associate rate of $275 per hour and paralegal rate of $120 per hour are reasonable. Based on Plaintiffs' detailed billing records, the number of hours billed are reasonable. The costs, which include standard fees such as the filing fee and other expenses, are also reasonable. The Court retains jurisdiction over this action to enforce this judgment. Plaintiffs are awarded post-judgment interest at the statutory rate. Defendants' counterclaims are dismissed; accordingly, the case is closed.

**Dated:**  New York, New York
January 6, 2023

**RUBY J. KRAJICK**

_____
**Clerk of Court**

**BY:**   *K. Mango*

_____
**Deputy Clerk**